UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RAYMON A. FULLER, JR.,

   Petitioner,

  v.            Case No. 23-C-855

UNITED STATES OF AMERICA,

   Respondent.

**DECISION AND ORDER DENYING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255**

  Raymon A. Fuller, Jr., pled guilty to one count of robbery under the Hobbs Act, 18 U.S.C. § 1951(a) (Count One), and one count of brandishing a firearm during the commission of a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii) (Count Two). On August 22, 2022, the court imposed a sentence of 6 months as to Count One and 84 months as to Count Two, to run consecutively, for a total term of imprisonment of 90 months. Fuller did not appeal his conviction or sentence. On June 26, 2023, Fuller filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Fuller asserts that trial counsel provided ineffective assistance by failing to seek suppression of evidence obtained during a warrantless search of his home, failing to challenge federal jurisdiction under the Hobbs Act, and failing to properly research Fuller's case as it pertains to legal requirements that constitute his guilt. For the following reasons, Fuller's motion will be denied.

  To prevail on a claim of ineffective assistance of counsel, a defendant must establish both that his attorney's performance fell below an objective standard of reasonableness and that this deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). "It is all too

tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particularized act or omission of counsel was unreasonable." *Id.* at 689. For this reason, the Supreme Court has made clear that "judicial scrutiny of counsel's performance must be highly deferential." *Id.* That is, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Fuller asserts that his trial counsel was ineffective in failing to file a motion to suppress evidence obtained during a warrantless search of his home. Although Fourth Amendment issues are not generally cognizable in collateral attacks, they may be raised in the context of ineffective assistance of counsel claims. As an initial matter, the only search of Fuller's home conducted as part of the investigation in this case was made pursuant to a search warrant issued by a judge. *See* Dkt. No. 9-1. To the extent Fuller argues that the warrant was invalid because it was not supported by probable cause, he has not provided a basis for undermining the search warrant. A judge may only issue a search warrant based on probable cause. *See United States v. Sidwell*, 440 F.3d 865, 868 (7th Cir. 2006). "[W]hen an affidavit is the only evidence presented to a judge in support of a search warrant, the validity of the warrant rests solely on the strength of the affidavit." *United States v. Peck*, 317 F.3d 754, 755–56 (7th Cir. 2003) (citation omitted). Probable cause exists when, "considering all the circumstances, the affidavit sets forth sufficient facts to induce a reasonably prudent person to believe that a search will uncover contraband or evidence of a crime." *Sidwell*, 440 F.3d at 868 (citations omitted).

2

Fuller maintains that the detective who submitted the affidavit based it on a "hunch" and "speculation." Dkt. No. 13 at 2. But the affidavit set forth "sufficient facts to induce a reasonably prudent person to believe that a search [would] uncover contraband or evidence of a crime." *Sidwell*, 440 F.3d at 868 (citations omitted). It contained testimony from numerous witnesses and confidential informants that Fuller was involved in a reported armed robbery. Given these circumstances, the issuing judge reasonably determined that there was a "fair probability that contraband or evidence of a crime" would be found at Fuller's residence. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983). Therefore, the warrant was not invalid, and Fuller has failed to demonstrate that counsel was ineffective in failing to file a motion to suppress.

Next, Fuller argues that trial counsel was ineffective in failing to challenge federal jurisdiction under the Hobbs Act and the government's proof that the robbery in the indictment affected interstate commerce. As part of his plea agreement, Fuller admitted that he knowingly used, carried, and brandished a firearm during and in relation to a crime of violence, namely robbery. *See* Case No. 22-cr-28, Dkt. No. 13 ¶¶ 4–5. The robbery involved taking marijuana, money, and a wallet. Robbery of a federally-controlled substance, like marijuana, satisfies the interstate commerce element of a Hobbs Act robbery. *See Taylor v. United States*, 579 U.S. 301, 308 (2016) ("[T]o satisfy the [Hobbs] Act's commerce element, it is enough that a defendant knowingly stole or attempted to steal drugs or drug proceeds, for, as a matter of law, the market for illegal drugs is 'commerce over which the United States has jurisdiction.'"). In short, Fuller has no claim that his attorney performed deficiently in failing to challenge federal jurisdiction under the Hobbs Act.

Finally, Fuller asserts that trial counsel "failed to properly research movant's case as it pertains to legal requirements that constitute movant's guilt." Dkt. No. 1 at 8. Fuller has not

3

provided any additional facts or assertions detailing how his counsel's legal research was inadequate or how it prejudiced him. Because Fuller has not established that counsel was ineffective on this basis, his claim must be dismissed.

For these reasons, Fuller's § 2255 motion is denied and the case is dismissed. The Clerk is directed to enter judgment dismissing the case. A certificate of appealability is denied. I do not believe that reasonable jurists would believe that Fuller has made a substantial showing of the denial of a constitutional right. Fuller is advised that the judgment entered by the Clerk is final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal. *See* Fed. R. App. P. 3–4.

**SO ORDERED** at Green Bay, Wisconsin this 30th day of January, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
